**IT IS ORDERED as set forth below:**



Date: January 5, 2024

_____
**Lisa Ritchey Craig
U.S. Bankruptcy Court Judge**

_____

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| IN RE: | : | CASE NUMBER: |
| | : | |
| **BRENT CANN AND MEGAN CANN,** | : | **21-52013-LRC** |
| | : | |
| Debtors. | : | CHAPTER 11 |
| _____ | : | |
| | : | |
| **KAPITUS SERVICING, INC. as authorized servicing provider for Kapitus, LLC,** | : : : | |
| | : | |
| Plaintiff, | : | ADVERSARY PROCEEDING NO: |
| | : | |
| v. | : | **21-05066-LRC** |
| | : | |
| **BRENT CANN,** | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |

**ORDER**

Before the Court is the *Motion for Leave to File Amended Answer* (Doc. 76, the "Motion"), filed by Brent Cann ("Defendant"), and the *Response to Defendant's Motion for Leave to File Amended Answer* (Doc. 76, the "Response"), filed by Kapitus Servicing, Inc. ("Plaintiff").

On March 11, 2021, Defendant and his wife filed a voluntary petition under Subchapter V of Chapter 11 of the Bankruptcy Code. (Bankr. Case No. 21-52013-LRC, Doc. 1). On June 23, 2021, Plaintiff filed a complaint (the "Complaint") to determine that the debt owed to it by Defendant is nondischargeable under 11 U.S.C. §§ 523(a)(2), (a)(4) and (a)(6). Defendant filed his answer to the Complaint on July 21, 2021. Thereafter, the parties consented to the entry of a scheduling order, which the parties amended multiple times by agreement. (Doc. 6, the "Scheduling Order"). In accordance with the Scheduling Order, as amended, the deadline for Defendant to file a motion to amend his answer expired on or about May 28, 2023. *See* Docs. 6, 13, 23, 28, 32, 36, 47, 50, 53, 56, 60. Plaintiff filed a motion for partial summary judgment on October 16, 2023, and on the same date, Defendant filed the Motion.

In the Motion, Defendant seeks leave to amend his answer to clarify his position, "which comports with his testimony during discovery." If allowed, the amended answer would result in the denial of thirteen allegations of the Complaint that Defendant had previously admitted. Defendant asserts that the requested amendment would not be futile and that allowing the amendment would not prejudice Plaintiff or unduly delay the resolution of the Complaint. Plaintiff objects to the Motion, which it describes as an "11th-hour request" to "untimely rescind thirteen separate . . . admissions." Allowing Defendant to amend the answer he filed over two years ago and "months after the close of discovery and the deadline to amend pleadings," Plaintiff submits, would prejudice Plaintiff. Specifically, Plaintiff argues that allowing Defendant to "put into question" thirteen facts that have been assumed by Plaintiff to have been undisputed would be prejudicial, considering the parties have engaged in discovery for two years and Plaintiff has deposed Defendant twice.

Federal Rule of Civil Procedure 15(a)(1), made applicable to this proceeding by Rule 7015 of the Federal Rules of Bankruptcy Procedure, provides a party may seek to amend its pleading once as a matter of course within" twenty-one days after serving it.  Fed. R. Civ. P. 15(a)(1)(A). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave," which "[t]he court should freely give . . . when justice so requires." Fed. R. Civ. P. 15(a)(2).  While Rule 15 evinces a bias in favor of granting leave to amend, amendments should not be considered "automatic." *In re Levenson Grp., Inc.*, 2022 WL 1241432, at *3 (Bankr. N.D. Tex. Apr. 27, 2022).  "Courts consider such factors as: '(1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by previous amendments, (4) undue prejudice to the opposing party, and (5) futility of the amendment.'" *Id*.

Here, Defendant seeks leave to amend his answer but fails to acknowledge that his request is untimely under the Scheduling Order.  He has not moved the Court to modify the Scheduling Order pursuant to Rule 16(b), made applicable to this proceeding by Rule 7016 of the Federal Rules of Bankruptcy Procedure.  *See Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998) ("Sosa's brief on appeal does not address good cause under Rule 16(b), but focuses instead upon the liberal amendment standard set out in Federal Rule of Civil Procedure 15(a). If Sosa's motion for leave to amend had been filed within the time prescribed by the scheduling order, Rule 15(a) would be our primary focus, as well. However, because Sosa's motion to amend was filed after the scheduling order's deadline, she must first demonstrate good cause under Rule 16(b) before we will consider whether amendment is proper under Rule 15(a).").  "When a motion to amend the complaint is filed after the scheduling order's deadline, the plaintiff must first show good cause under Rule 16(b) before the Court will consider whether to allow an amendment under Rule 15." *In re Rohrig Invs., LP*, 2021 WL 4558298, at *2 (Bankr. N.D. Ga. Oct. 5, 2021); *see*

*also In re Tronox Inc.*, 503 B.R. 239, 339 (Bankr. S.D.N.Y. 2013) ("Defendants must also be able to establish 'good cause' for the modification of the scheduling order entered in this case under Fed. R. Civ. P. 16(b)(4), made applicable by Bankruptcy Rule 7016.") (citing *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 339–40 (2d Cir.2000)); *In re Adelphia Commc'ns Corp.*, 452 B.R. 484, 491 (Bankr. S.D.N.Y. 2011) ("[W]here a scheduling order has been entered, 'Rule 16(b) also may limit the ability of a party to amend a pleading if the deadline specified in the scheduling order for amendment of the pleadings has passed.'"). "This good cause standard precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'" *Sosa,* 133 F.3d at 1418; *see also MidAmerica C2L Inc. v. Siemens Energy Inc.*, 2023 WL 2733512, at *13 (11th Cir. Mar. 31, 2023) (affirming denial of motion for leave to amend complaint where plaintiff failed to satisfy Rule 16's requirements); *In re Seven Stars on the Hudson Corp.*, 2023 WL 4760713, at *4 (11th Cir. July 26, 2023) (holding that the Rule 16(b) standard applies in bankruptcy adversary proceedings); *Smith v. Sch. Bd. of Orange Cnty.*, 487 F.3d 1361, 1366 (11th Cir. 2007) (per curiam) (affirming district court's denial of leave to amend the complaint because the defendant's motion for summary judgment had been pending for a month and because the plaintiff failed to explain why the facts underlying the amendment were undiscoverable previously).

Defendant has not even attempted to show good cause for amending the Scheduling Order. As Plaintiff has pointed out, it appears from the nature of the request and the procedural facts of this case that Defendant lacks any excuse for the untimely filing of the Motion. Specifically, Defendant failed to explain why he admitted facts that he should have known were not true at the time he filed his answer and why he waited until after the deadline for amending his answer to move for leave to do so. *See Clemons v. Delta Air Lines, Inc.*, 2013 WL 11328333, at *10 (N.D.

Ga. Oct. 7, 2013), *aff'd*, 625 F. App'x 941 (11th Cir. 2015) ("[G]enerally to the extent that Plaintiff's motion to amend relies on facts known to him at the time he filed suit, there is no good cause for the amendment."); *In re Quarterman*, 2010 WL 4644052, at *3 (Bankr. N.D. Ga. Aug. 23, 2010). For this reason,

IT IS ORDERED that the Motion is **DENIED**.

**END OF DOCUMENT**

**Distribution List**

Justan C. Bounds
Carlton Fields Jorden Burt, P.A.
1201 W Peachtree Street
Suite 3000
Atlanta, GA 30309

Brent Cann
1471 Devonash Lane
Atlanta, GA 30338

Ian M. Falcone
The Falcone Law Firm, P.C.
363 Lawrence Street
Marietta, GA 30060